# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*    \*
TINA NIZZA,                                 \*
                                            \*     No. 16-838V
              Petitioner,                   \*     Special Master Christian J. Moran
                                            \*
v.                                          \*     Filed: December 18, 2017
                                            \*
SECRETARY OF HEALTH                         \*
AND HUMAN SERVICES,                         \*     Attorneys' fees and costs; waiver
                                            \*
              Respondent.                   \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*    \*

<u>Lawrence R. Cohan</u>, Anapol Weiss, Philadelphia, PA, for Petitioner;
<u>Ann D. Martin</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Tina Nizza filed a motion for attorneys' fees and costs. Ms. Nizza is awarded the full amount of her request, **$32,511.81**.

\*   \*   \*

Ms. Nizza alleged that an influenza vaccination caused her to suffer from Bell's palsy, internuclear ophthalmoplegia, and/or optic neuritis. The parties agreed to a stipulation resolving the amount of compensation. The stipulation was incorporated into a decision awarding Ms. Nizza's compensation. <u>Decision</u>, issued

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

July 21, 2017, 2017 WL 3496383. With the merits of Ms. Nizza's case resolved, the parties addressed attorneys' fees and costs.

Ms. Nizza filed an attorneys' fees and costs petition on August 29, 2017, requesting $31,285.50 in fees and $1,226.31 in costs. Ms. Nizza did not incur any costs personally. Statement Regarding Gen. Order No. 9, filed Dec. 13, 2017.

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed Sept. 8, 2017, at 2. The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award. Id. at 3.

This matter is now ripe for adjudication.

\*   \*   \*

Because Ms. Nizza received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e).

Pursuant to the rationale established in Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017),[2] the Secretary has waived any objections to the amount of fees requested. Absent any objections, Ms. Nizza's request for attorneys' fees and costs is GRANTED IN FULL:

> **A lump sum of $32,511.81 in the form of a check made payable to petitioner and petitioner's attorney, Lawrence R. Cohan.**

These amounts represents reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

---

[2] In Swintosky, the parties submitted a joint notice of decision not to seek review of the Fees Decision.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master